NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0156n.06

No. 13-3572

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 26, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| PAULA TOWNSEND, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) APPEALS |
| | ) |
| Respondent. | ) |

BEFORE: MERRITT, SUTTON, and GRIFFIN, Circuit Judges.

PER CURIAM. Paula Townsend petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Townsend is a native and citizen of Mexico. She most recently entered the United States in September 2003. In 2010, Townsend filed an application for asylum, withholding of removal, and relief under the CAT, alleging that she would be persecuted and tortured if removed to Mexico. The IJ denied the application, concluding that the asylum application was untimely, Townsend's testimony was not credible, and she failed to establish entitlement to relief on the merits. The BIA affirmed the IJ's decision.

On appeal, Townsend raises several arguments: (1) the BIA erred by failing to excuse the untimeliness of her asylum application based on her lack of formal education and functional problems and the changed country conditions in Mexico; (2) the BIA erred by finding that her

testimony was not credible; and (3) the BIA erred by concluding that she failed to establish entitlement to relief on the merits. Where, as here, the BIA does not summarily affirm or adopt the IJ's reasoning and provides an explanation for its decision, we review the BIA's decision as the final agency determination. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). We review legal conclusions *de novo* and factual findings and credibility determinations for substantial evidence. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Id.*

We lack jurisdiction to review Townsend's argument that changed or extraordinary circumstances should excuse the untimeliness of her asylum application because her argument presents a predominantly factual question rather than a constitutional issue or matter of statutory interpretation. *See id.* at 191-92. In addition, a reasonable adjudicator would not be compelled to conclude that Townsend's testimony was credible. As noted by the BIA, Townsend testified about an attempted sexual assault that was not included in her asylum application and there were significant discrepancies between Townsend's testimony and other evidence in the record concerning the details of an alleged robbery and sexual assault and whether Townsend's mother was aware that her aunt was physically abusing her. Finally, given the adverse credibility finding and the lack of other evidence supporting Townsend's claims for relief, substantial evidence supported the BIA's determination that she failed to establish entitlement to withholding of removal and relief under the CAT. *See Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1151 (6th Cir. 2010).

Accordingly, we dismiss in part and deny in part the petition for review.